# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4287 | **DATE** | 9/28/2012 |
| **CASE TITLE** | *Centerpoint Properties Trust v. Olde Prairie Block Owner, LLC* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court concludes that it lacks subject matter jurisdiction over Centerpoint's appeal of the JMB Expenses Order and dismisses the appeal. This case is terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Centerpoint Properties Trust appeals the bankruptcy court's determination to allow the debtor, Olde Prairie Block Owner LLC ("Debtor"), which is in Chapter 11 bankruptcy proceedings, to pay $542,928.00 in legal fees and expenses incurred by JMB Capital Markets ("JMB"), the Debtor's debtor-in-possession ("DIP") lender, in connection with its extension of senior secured DIP financing pursuant to 11 U.S.C. § 364 to Debtor. For the reasons set forth below, the Court dismisses the appeal of the bankruptcy court's May 4, 2011, order authorizing Debtor to pay JMB's expenses from the DIP Loan.

**Background**

     As background, the Court notes that in a related consolidated appeal, it entered a Memorandum Opinion and Order on September 30, 2011, in which it provided the recited the background of Debtor's bankruptcy and described certain orders of the bankruptcy court. (No. 11 C 160, N.D. Ill., 9/30/11 Memo. Op. Order, Dkt. # 49, at 1-7.) ("September 30, 2011 Order") The Court assumes familiarity with that Order and the general facts of the case. Briefly, however, and as relevant here, the bankruptcy court granted Debtor's motion to obtain DIP financing ("DIP Loan") from JMB. (*Id*. at 6.) On May 4, 2011, the bankruptcy court further granted Debtor's motion to borrow more money in order to pay JMB's attorney's fees and expenses associated with documenting the DIP Loan ("JMB Expenses Order"). (A 191-197.) This appeal followed.

**Analysis**

     In its September 30, 2011 Order, this Court agreed with Debtor that Centerpoint's failure to obtain a stay of the bankruptcy court's orders granting Debtor's motion to enter into the DIP Loan deprived this Court of subject matter jurisdiction over the appeals from those two orders under 11 U.S.C. § 364(e). (No. 11 C

**STATEMENT**

160, N.D. Ill., 9/30/11 Memo. Op. Order, Dkt. # 49, at 9-14.). Section 364(e) provides that:

> The reversal or modification on appeal of an authorization under this section to obtain credit or incur debt, or of a grant under this section of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to an entity that extended such credit in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal.

11 U.S.C. § 364(e).

The purpose of the rule is to provide some assurance to lenders that the "rug will [not] be pulled out from under them" after a bankruptcy court makes decisions about lien priority and post-petition financing. *Kham & Nate's Shoes No. 2., Inc*. v. *First Bank of Whiting*, 908 F.2d 1351, 1355 (7th Cir. 1990).

Debtor makes the same argument here as it made in the aforementioned consolidated appeals–that is, that the failure to obtain a stay of the JMB Expenses Order deprives this Court of subject matter jurisdiction pursuant to 11 U.S.C. § 364(e).

Centerpoint argues that the JMB Expenses Order is outside the ambit of § 364(e) because "the JMB Expenses Order authorized payments to JMB's attorneys, <u>in addition to</u> granting liens on the Debtor's property as security for the amounts loaned by JMB to fund the payments." (Centerpoint's Rep., Dkt. # 20, at 1) (emphasis in original). According to Centerpoint, it seeks to invalidate the payments authorized by the bankruptcy court to be made in the JMB Expenses Order, which is not implicated by the language of § 364(e). But, this position ignores that the payments were made based on money borrowed under the DIP Loan. Indeed, in allowing the JMB expenses to be paid, the bankruptcy court stated that "[t]he Debtor is authorized to borrow under the DIP Loan the sum of $542,928.00 for the JMB Financing Expenses . . . . [and] [t]hese amounts borrowed under the DIP Loan shall be secured by the Section 364 Rights." Simply calling the money a "payment" does not change the fact that it is money borrowed under the DIP Loan and was expressly secured by § 364 priority rights in the JMB Expenses Order. Thus, it is covered by § 364(e). Centerpoint's citation to *In re Sun Runner, Inc*., 945 F.2d 1089 (9th Cir. 1991) is inapposite. In that case, the *Sun Runner* court expressly stated that because the bankruptcy court ordered the cure payments under § 365, the payments were not protected by § 364(e). *Id*. at 1995. Here, as already noted, the bankruptcy court ordered that the money was to be borrowed as part of the DIP Loan and was subject to all protections under § 364.

Accordingly, for the reasons stated in this order and the September 30, 2011 Order, the Court concludes that it lacks subject matter jurisdiction over Centerpoint's appeal of the JMB Expenses Order and dismisses the appeal.